**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **DAVID M. OATES, individually and on behalf of all persons similarly situated,** | : | **DOCKET NO. 4:15-cv-1727** |
| | : | |
| **Plaintiff,** | : | **JURY TRIAL DEMANDED** |
| | : | |
| **v.** | : | |
| | : | **COLLECTIVE ACTION** |
| **QUALITY INTEGRATED SERVICES, INC.,** | : | **PURSUANT TO 29 U.S.C. § 216(b)** |
| | : | |
| **Defendant.** | : | |

## COLLECTIVE ACTION COMPLAINT

Plaintiff David M. Oates ("Plaintiff"), through his undersigned counsel, individually and on behalf of all persons similarly situated, files this Collective Action Complaint ("Complaint") against Defendant Quality Integrated Services, Inc. ("Defendant" or "QIS") seeking all available relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA"). The following allegations are based on personal knowledge as to Plaintiff's own conduct and on information and belief as to the acts of others.

## JURISDICTION AND VENUE

1. Jurisdiction over Plaintiff's FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. Venue in this Court is proper pursuant to 28 U.S.C. § 1391. A substantial part of the events giving rise to Plaintiff's claims occurred within this District and Division, and QIS conducts business in this judicial District and Division.

## PARTIES

3. Plaintiff David M. Oates ("Plaintiff") is an Arkansas resident who has been

employed by QIS in Houston, Texas between approximately November 2014 and the present, and pursuant to 29 U.S.C. § 216(b), has consented in writing to being a Plaintiff in this action. *See* Exhibit A.

4.      Defendant Quality Integrated Services, Inc. ("Defendant" or "QIS") is a corporation providing third party services, including inspection, for the construction and maintenance of oil and natural gas transmission, midstream and gathering lines, facility construction, meter runs and many other types of oil and gas construction throughout the United States, including this judicial District.

5.      QIS is incorporated in Oklahoma and maintains its corporate headquarters in Oklahoma.

6.      QIS employs individuals (including Plaintiff) who perform a variety of services on oil and gas pipelines for energy, public utility and pipeline companies. QIS' financial results are driven by the number of employees performing services for QIS' customers and the fees that QIS charges the customers for these services.

7.      QIS employed Plaintiff and continues to employ similarly situated employees.

8.      QIS employs individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person, as required by 29 U.S.C. §§ 206-207.

9.      QIS' annual gross volume of business exceeds $500,000.

10.     QIS is not an independently owned and controlled local enterprise within the meaning of 29 U.S.C. § 207(b)(3).

## **CLASS DEFINITION**

11.     Plaintiff brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action

on behalf of himself and the following class of potential FLSA opt-in litigants:

> All current or former employees of Quality Integrated Services, Inc. ("QIS"), who performed work in the United States at any time between June 17, 2012 and the present, and who were paid pursuant to a daily rate compensation system (the "FLSA Class").

12.    Plaintiff reserves the right to redefine the FLSA Class prior to notice or class certification, and thereafter, as necessary.

## FACTS

13.    QIS employs members of the FLSA Class throughout the United States.

14.    Between approximately November 2014 and the present, Plaintiff has been employed as a pipeline inspector with QIS, performing and reviewing inspections on gas pipelines.

15.    QIS employed Plaintiff to inspect a pipeline in and around Houston, Texas.

16.    Plaintiff reviewed and aided colleagues in performing routine inspections of newly-laid pipes.  Plaintiff observed other members of the FLSA Class performing the same or substantially similar job duties.

17.    Plaintiff and the FLSA Class members are all blue collar workers who are primarily engaged in manual labor duties.

18.    QIS has a policy or practice of failing to compensate Plaintiff and the FLSA Class for all overtime hours worked.

19.    QIS paid Plaintiff and the FLSA Class pursuant to a daily rate compensation system that did not take into account all hours worked in a workweek, including hours worked over forty.

20.    Specifically, QIS paid Plaintiff and the FLSA Class a specific set amount per each day that they worked, regardless of the number of hours that they worked, and did not pay any

overtime for hours worked over forty.

21.     The daily rate compensation system that QIS paid to Plaintiff and the FLSA Class fails to satisfy the salary basis requirement necessary to qualify for an exemption under the FLSA.  *See* 29 C.F.R. § 541.602.

22.     Plaintiff's work required the utilization of techniques and procedures obtained primarily from industry manuals, standards and codes.  *See* 29 C.F.R. § 541.203(g).  Plaintiff observed other members of the FLSA Class utilizing similar techniques and procedures in the performance of their jobs.

23.     Plaintiff worked within the closely prescribed limits provided by QIS.  *See* 29 C.F.R. § 541.203(g).  Plaintiff observed other members of the FLSA Class working in the same or substantially similar manner.

24.     QIS does not maintain accurate records of all hours that Plaintiff and the FLSA Class worked each workday and the total number of hours worked each workweek as required by the FLSA.  *See* 29 C.F.R. § 516.2(a)(7).

25.     Plaintiff routinely worked up to seven (7) days per week and typically more than ten (10) hours per day.  Plaintiff observed that the members of the FLSA Class routinely worked similar schedules.

26.     QIS did not pay Plaintiff and the FLSA Class any overtime compensation for hours worked over forty (40) per workweek.

27.     In 2011, prior to the start of the relevant time period in this case, the United States Court of Appeals for the Tenth Circuit held that a similar compensation scheme by an oilfield services company was not only unlawful, but constituted a willful violation of the FLSA.  *See Mumby v. Pure Energy Services (USA), Inc.*, 636 F.3d 1266, 1268 (10th Cir. 2011).  Since

4

*Mumby*, many oil and gas service companies have reclassified their daily rate workers to come into compliance with the FLSA.  QIS, however, has not done so.

28.     QIS has acted willfully and/or with reckless disregard of the applicable FLSA provisions, by failing to properly compensate Plaintiff and the FLSA Class for hours worked in excess of forty (40) during the workweek.

29.     Moreover, during the entire relevant time period, QIS was aware that the FLSA Class members were not properly compensated under the FLSA, because the Class members' timesheets clearly demonstrate that they were routinely working more than 40 hours per week but were not receiving overtime compensation.

## COLLECTIVE ACTION ALLEGATIONS

30.     Plaintiff brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the FLSA Class defined above.

31.     Plaintiff desires to pursue his FLSA claim on behalf of any individuals who opt-in to this action pursuant to 29 U.S.C. § 216(b).

32.     Plaintiff and the FLSA Class are "similarly situated," as that term is used in 29 U.S.C. § 216(b), because, *inter alia*, all such individuals worked pursuant to QIS' previously described common pay practices and, as a result of such practices, were not paid the full and legally mandated overtime premium for hours worked over forty (40) during the workweek. Resolution of this action requires inquiry into common facts, including, *inter alia*, QIS' common compensation, timekeeping and payroll practices.

33.     Specifically, QIS paid Plaintiff and the FLSA Class a set amount of pay per day, regardless of the number of hours worked, and failed to pay overtime as required by federal law.

34.     The similarly situated employees are known to QIS, are readily identifiable, and

may be located through QIS's records, as well as the records of any payroll companies that QIS utilizes.   QIS employs many FLSA Class Members throughout the United States.   These similarly situated employees may be readily notified of this action through direct U.S. mail and/or other appropriate means, and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

**CAUSE OF ACTION**
**Violation of the FLSA**

35.     All previous paragraphs are incorporated as though fully set forth herein.

36.     The FLSA requires that covered employees be compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one and one-half (1 ½) times the regular rate at which he is employed.  *See* 29 U.S.C. § 207(a)(1).

37.     The FLSA provides that, if an employee is paid a flat sum for a day's work or for doing a particular job, and if he receives no other form of compensation for services, the employee is entitled to extra half-time pay at his regular rate for all hours worked in excess of forty (40) in the workweek.  *See* 29 C.F.R. § 778.112.

38.     QIS's compensation scheme applicable to Plaintiff and the FLSA Class failed to comply with either 29 U.S.C. § 207(a)(1) or 29 C.F.R. § 778.112.

39.     QIS knowingly failed to compensate Plaintiff and the FLSA Class at a rate of one and one-half (1 ½) times their regular hourly wage for hours worked in excess of forty (40) hours per week, in violation of 29 U.S.C. § 207(a)(1).

40.     During all relevant times, Plaintiff and the FLSA Class were covered employees entitled to the above-described FLSA protections.

41.     In violating the FLSA, QIS acted willfully and/or with reckless disregard of

6

clearly applicable FLSA provisions.

## JURY TRIAL DEMAND

42.     Plaintiff demands a trial by jury for all issues of fact.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the FLSA Class, seeks the

following relief:

A.     An order designating this lawsuit as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) to the FLSA Class to permit them to join this action by filing a written notice of consent;

B.     A judgment against Defendant awarding Plaintiff and the FLSA Class back pay damages (including unpaid overtime compensation, unpaid spread of hours payments, and unpaid wages) and an equal amount, as liquidated damages;

C.     An order awarding litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law;

D.     Prejudgment interest to the fullest extent permitted under the law; and

E.     Such other and further relief as this Court deems just and proper.

Dated: June 17, 2015                                Respectfully submitted,

                                                    /s Shanon J. Carson
                                                    Shanon J. Carson
                                                    Fed. Id. 2330781
                                                    PA State Bar No.: 85957
                                                    Sarah R. Schalman-Bergen
                                                    Fed. Id. 2330780
                                                    PA State Bar No.: 206211
                                                    Alexandra L. Koropey
                                                    Fed. Id. 2330782
                                                    PA State Bar No.: 315240
                                                    NJ State Bar No.: 010922013
                                                    BERGER & MONTAGUE, P.C.
                                                    1622 Locust Street
                                                    Philadelphia, PA  19103
                                                    Telephone: (215) 875-3000

Facsimile: (215) 875-4604
Email: scarson@bm.net
      sschalman-bergen@bm.net
      akoropey@bm.net

**ATTORNEYS IN CHARGE FOR PLAINTIFF**